PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 12/2023)

IN THE UNITED STATES DISTRICT COURT
FOR THE **NoRtheRN** DISTRICT OF TEXAS
**Dallas** DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR – 8 2025

CLERK, U.S. DISTRICT COURT
By _____
Deputy



**Christopher Humble 2363088**
Plaintiff's Name and ID Number

**Telford Unit.**
Place of Confinement

**Peter Obanawu CoRR officeR V**
**Hutchins Unit**
**Cpt. Christopher HeRnandez DHO**
**Hutchins unit**
**Head WaRden ChimdiAkwitti**
Defendant's Name and Address
**Hutchins Unit**
**Asst. WaRden DebRa Calvin**
**Hutchins Unit**
Defendant's Name and Address
**major Katisher DosieR**
**Hutchins Unit**

Defendant's Name and Address **JahaiRa Velazquez LmIII**
( DO NOT USE "ET AL.") **Hutchins Unit**

CASE NO. _____
(Clerk will assign the number)

**3- 25 CV 0 8 7 1 - E**

**Lesley TeRRell CM III**
**Hutchins Unit**

**UGI TaiYoun Nichols**
**Hutchins Unit**

**ArdRa Scott Counsel substitute**
**Hutchins Unit**

**＊NOTE: Please see**
**"Defendat Attachment＊**

INSTRUCTIONS - READ CAREFULLY

NOTICE:

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___X___YES___NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: **9/11/2023**

        2. Parties to previous lawsuit:
        Plaintiff(s) **Christopher Humble #2363088**
        Defendant(s) **Jamadre Enge, et. al.**

        3. Court: (If federal, name the district; if state, name the county.) **Northern District/Dallas**

        4. Cause number: **3:23-CV-2094-N-BW**

        5. Name of judge to whom case was assigned: **Hon. Brian McKay**

        6. Disposition: (Was the case dismissed, appealed, still pending?) **Still pending**

        7. Approximate date of disposition: **N/A**

II.    PLACE OF PRESENT CONFINEMENT: Telford Unit

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    X YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Christopher Humble #2363088

Telford ~~Hutchins~~ CWH Unit
3899 State Hwy 98
New Boston TX. 75570

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Peter Obanawu Corr officer V
Hutchins Unit

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Assualted Plaintiff and then filed false disciplinary case

Defendant #2: CPt. Christopher Hernandez (D.H.O)
Hutchins Unit

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Retaliation for grievances/was not impartial on case / False Prosecution

Defendant #3: Ardra Scott (counsel substitute)
Hutchins Unit

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Did Not Provide Defense on False cause

Defendant #4: Taiyoun Nichols (Unit Grievance)
Hutchins

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.    Denies
manipulated grievance / Failed to process grievances/Redress to Government

Defendant #5: Asst. Warden Debra Calvin
Hutchins Unit

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Allowed False Prosecution of case/Retaliation for grievances

✗ NOTE: Please See Defendant Attachment
All defendants Sued in Both Personal & Offical
Capacity.

3

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how each defendant is involved.  You need not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Each Defendant personally, knowingly, and with malicious Intent allowed for the conditions of plaintiffs Imprisonment in the T.D.C.J to go beyond "harsh" and have subjected him to the substantial Risk of mental torture, physical abuse/violance and healthrisks due to lack of proper staffing, exsposiure to gang violance and Toxic enviromental smoke hazards from unknown substances that have become common in the T.D.CJ
*Please see Defendant Attachment pg. #3

VI.    RELIEF:

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

Appoint counsel/Consolidate c̄ cause #3:23-cv-2094BW
Temp. Restraining order until Final Judgement
Same as stated In cause 3:23-cv-2094-BW

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Same as cause #3:23-cv-2094-BW

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ 363088 /TDCJ 1225626/ TDCJ 1768626/
TDCJ # 2363088 / SID #05388848

VIII.    SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES  X NO

B. If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): N/A

2. Case number: N/A

3. Approximate date sanctions were imposed: N/A

4. Have the sanctions been lifted or otherwise satisfied? N/A  ____YES  ____NO

4

C. Has any court ever warned or notified you that sanctions could be imposed? _____ YES _X_ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

　　1. Court that issued warning (if federal, give the district and division): _N/A_

　　2. Case number: _N/A_

　　3. Approximate date warning was issued: _N/A_

Executed on: _4/1/25_
　　　　　　DATE

_Christopher Humble_
Christopher Humble
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _First_ day of _April_, 20_25_.
　　　　　(Day)　　　　　　(month)　　　　　(year)

_Christopher Humble_
Christopher Humble
(Signature of Plaintiff)

WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

Address for:
Hutchins Unit
1500 Langdon Rd.
Dallas, Tx. 75241

Address for:
Telford Unit
3899 State Hwy 98
New Boston, Tx. 75570

#6. Warden Chimdi Akwitti   Hutchins Unit.
Knowingly and out of Retailiation for grievances filed
allowed false prosecution of case and drop in custody level

#7. Major Katisher Dosia (U.C.C.) Hutchins Unit.
Refused to allow due process by not allowing me to
attend hearing before droping custody level

#8. Laundry mang. III Jahqira Velazquez (U.CC.) Hutchins Unit
Refused to allow due process by not allowing me to
attend hearing before droping custody level

#9. Case mans III Lesley Terrell (U.C.C.) Hutchins Unit
Refused to allow due process by not allowing me to
attend hearing before droping custody level

#10 Warden Michael Feazell   Telford Unit
Knows about the neglect and violence (gang) on unit due to
Shortage of staff / Knows about extrieme Drug use on unit

#11 Asst. Warden Buck Taylor    Telford Unit   Also
Refused to overturn punishment after plaintiff
personaly told him the cause had been overturned.

#12 Cpt. Dennis Martin (D.H.O.) Telford Unit
Refused to acknowledge Request and phone call from
family to overturn punishment after cause had been overturned.

#13 Maj. Michael Presswell    Telford Unit
Refused to acknowledge Request and phone calls
from family to overturn punishment after cause
had been overturned.

#14. Major Jason Smith      Telford Unit
Ignored Request and Phone calls from family to overturn
Punishment after cause had been overturned.

#15. Jacqueline Chatman  Classification    Telford Unit
Same as → #11 housed me with an Inmate who had a life sentance
Known for violance because Plaintiff filed grievances about cause False

#16 Darnisha Irving    classification    Telford Unit
"#11" Same as above

#17 Delaney Parker grievance Unit    Telford Unit
manipulating the grievance process / fails to process
grievances / Denies Redress to Government

#18 Tanya Peacock  grievance Unit    Telford Unit
manipulating the grievance process / fails to process
grievances / Denies Redress to Government

#19 Brian Patrick TDCJ ombudsman  P.O. Box 99 Huntsville Tx  77342
failed to act on Phone calls from family about
the abuse and neglect Plaintiff occured.

#20 Crystal Collins  Central grievance  Po Box 99 Huntsville Tx 77342
Allows the abuse of the grievance system that
Prevents the Plaintiff to Redress Gov. for grievances.

#21 Timothy Fitzpatrick  State Classification  P.O. Box 99 Huntsville Tx 77342
Knows the policies and customs of the TDCJ classification
Dept. allows for neglect and abuse of plaintiff.

#22 Cris Love  O.I.G.  P.O. Box 13084 Capitol Station  Austin Tx 78711
Fails to Investigate crimes of abuse and neglect
caused by the TDCJ policies and customs and/or
the massive gang violence and DRug use in the
T.DCJ or take steps to stop and prevent it.

#23. Bryan Collier   Director of TDCJ          P.o. Box 99
                                               Huntsville, Tx. 77342
Knows about the abusive policies and customs caused by
shortage of staff and lack of a grievance procedure that cause
injury.
#24 Carole Ehler      Mental Health mang. Telford Unit
   Ignored many Request and family phone calls to
have medications Renewed. Allowed plaintiff to go ≈ 6 wks
without medications.   See enclosed grievances
#25 Jessica Riley Director of the TDCJ grievance Dept.
   2 Financial Plaza Suite 105
   Huntsville, Tx. 77340.
Knows that the TDCJ grievance procedure is very
easily manipulated by the TDCJ staff and that it
lacks / prevents plaintiff from a Redress of grievance to
Government.

       Statement of claim cont...
and by using their capcity as state officals to
allow for policies and customes that allow these abuses
to occure and continue without adequate
avenues to petition for Redress of grievances. In
fact, plaintiff states that the harm he suffered
is not only "on going" but was due to his
filing of grievances and family contacting the
T.D.C.J about his conditions / grievances in the T.D.C.J
and /or possibly the filing of lawsuit in the
Hon. Court. (see cause # 3:23-CV-2094-N-BW)
Plaintiff states that it would be impossible for
him to include all the harms and wrongs
he has suffered and still suffering at the hands
   of the Defendants.

12/5/23 Plaintiff's niece of 17 yrs old commits suicide and Plaintiff takes this news extremly hard.

2/24/24 Because of the suicide of plaintiffs niece, his step-father of 40 yrs cries so much over her death, he has a heart attack and passes away. This was her and her twins 18th Birth day. This was extremly hard on Plaintiff and family. This was what Plaintiff, who already suffers from mental health issues, was coping with when the following events took place. Please note that Plaintiff states that despite some problems on the Hutchins Unit, he did have a lot of support from the Catholic community, several Inmates, and even T.D.C.J. staff including Defendants from cause # 3:23-CV-2094-N-BW, MR. Salvator and MR. James Reed. Plaintiff was coping as best as possible until:

8/20/24 Defendant obanawu assualted Plaintiff by touching his food without protection. Plaintiff pushed the tray of food back toward obanawu telling him he "could Keep it." Defendant obanawu then called an unknown sgt. and told him that Plaintiff assualted him by "throwing a tray of food" at him. Plaintiff wishes it to be noted that he was less than ∓ 2 ft. away from Defendant and there was no food on the defendant or any other signs that a hot tray of food was thrown. Even major Case #20240207500 states "no injuries." Plaintiff was then handcuffed by sgt. taken to "cool-off" where he was then allowed to go back to his housing after speaking to sgt. and there was no "use of force" called nor was Plaintiff taken to any kind of "P.H.D." or "lock-up" that you would expect if Plaintiff had really thrown a tray of hot food at Defendant.

Also, this major case was eventually "overturned" which would not have happened if Defendant was Really assualted by Plaintiff. Plaintiff did not hear anything else about this incident and thought it had been "informaly Resolved untill:

9/12/24 Plaintiff was notified by Defendant Ardra Scott that he was being served a major case for this incident. Plaintiff explained his side of the incident and pled "not guilty."

9/17/24 Plaintiff spoke to Defendat Cpt. Hernandez and stated he did "push the tray back toward obanawu but did not throw the tray only after obanawu had touched Plaintiffs food without protection." Cpt. Hernandez then punished Plaintiff with the max punishment including demotion in Line class / good time, status. Plaintiff was told this was done because of the "nature of the offense". Plaintiff notes that this was his first major case, and that these events went againts T.DCJ. disiplinary time Lines. Also, Plaintiff states the Reason why he was given this punishment was because of his complaints and grievances filed against the Hutchins Faith Based Dorm and the administration not doing enough to prevent exsposure to Toxic Smoke and violance that is allowed on the Hutchins Unit. Cpt. Hernandez did this out of spite and malice and Retaliation toward Plaintiff. Defendant Andra Scott did nothing to help ~~defendant~~ Plaintiff knowing that this was "not normal" procedings. and Cpt. Hernandez was oversteping his power, to harm Plaintiff.

≈ 9/24/24 Plaintiff Recieves an offical TDCJ lay-In for Unit Classification Committee (U.C.C.) but was not allowed by TDCJ staff to go to it.
9/25/24 again issued TDCJ lay-In For U.C.C. ┌again not allowed by TDCJ staff to go to it.
✗ 9/23/24 Step 1 # 2025009859 filed.
9/26/24 Recieved TDCJ lay-In for U.C.C. in the A.M. but was not allowed to go. At ≈ 1:00 pm an TDCJ officer comes to plaintiffs housing to excort him to U.C.C. hearing but instead takes plaintiff to a "Rec-Yard" cage with no Toilet or water where he was held for ≈ 6 hours before being given his property and told he was dropped in custody level (G2 to G4) and being shipped off the Hutchins Unit. At no time was Plaintiff given a chance to speak to U.C.C about the incident or major case. NOTE: Plaintiff states if the Hon. Court would have the T.D.C.J. U.C.C. Records pulled for this day it will find 3 or 4 Inmates who can also state the same thing was done to them. On this Day.
9/27/24 Plaintiff spoke to Defendant Mr. Nichols (Unit Grievance) about all that had taken place up to 9/26/24 and was told to file a Step 1 grievance and he would "look in to it"

Timeline / Summant #4

9/30/24 Plaintiff files a step 1 grievance on the events that took place on 9/26/24 and stating that he spoke to MR. Nichols. THIS GRIEVANCE HAS YET TO RETURN TO PLAINTIFF NOR HAS HE BEEN GIVEN NOTICE FOR MORE TIME FOR PROCESSING. Also NOTE Plaintiff has sent many Request to both Grievance-Dept. on Hutchins and Telford Unit Requesting this grievance and has yet to hear anything back in Responce.

10/3/24 Plaintiff spoke directly to Defendant Head Warden Alkwitti about all that took place stated above and was told that there was " Nothing he could do "

10/4/24 Plaintiff shipped off of the Hutchins Unit to Telford Unit. UPON arrivel on the Unit, Plaintiff was asked by medical staff if he needed to see mental health and I told them "Yes" because I had not been able to go to the P.R. to Re-New my meds on the Hutchins Unit due to my being held in G4 housing and the T.D.C.J. staff not taking me to mental Health Lay-Ins. I also told them my meds would exspire soon. Plaintiff also saw an U.C.C. UPON arrivel but was provented to say anything and was given some paper work and Rushed out to housing.

Plaintiff states from the moment he arrived on the Telford Unit he has exsperianced several incidents of gang violance and it is "normal" for housing area's to be full of smoke from use of unknown substances in full view of security cameras and even in the full presence of the T.D.C.J. staff with complete immunity. There is no way that the T.D.C.J. administration can not know whats going on. Also, Plaintiff noticed that there seemed to be a chronic shortage of T.D.C.J. staff on the unit. Plaintiff saw days when there would not be a TDCJ staff person in the housing area or pickett for hours at a time. Operating a prison without proper staff in and of itself is "cruel and unusal" because it not only puts all involved with the prison, (staff, Inmates etc...) in substatinal risk to safety, but effects every aspect of plaintiffs life like being able to go to medical services, the food he eats (95% of the time on the Telford Unit at least one or two meals a day for weeks at a time contain 2 things of "Pan Bread" for Brakefast and 2 sandwiches of spoiled meat for lunch and/or dinner) the conditions he lives in (Roaches and nasty showers) and hygiene like not being able to shower for 7 or more days in a row.

The Shortage of staff allows for "Turnkey" situations where You have Inmates having controle over other inmates who decid~~ed~~ who get what on food, hygiene, mail, Lay-Ins and sometimes housing and ~~with~~ Doing securety bed book caunts.

From 10/24 - 2/24 plaintiff states he had wrote step 1 grievances, letters, and had family call Unit and ombudsmen about most of these conditions but got No where. Most of the time he was Ignored OR Lied to.

11/11/24 I-60 to head Warden ~~and~~ Michael Feazell out about talking to him and seeing U.C.C. NO Responce.

11/18/24 Letter to Asst. Warden Debra calvin out. NO Responce

12/2/24 Letter to State Classification Timithy Fitzpatrick out NO Responce

12/16/25 Step 1 grievance #2025009859 Returned major case overturned. Step 2 out

11/19/2024 Parole Interview Major was on file at this time See Tx Admin Code 145.2 Sec. 2: B (disiplinary Record Part of Parole Review) Plaintiff Not given a fair Review due to false major Case

12/20/24 spoke directly to Asst. Warden Buck Taylor about major case being overturned. Told to "Put in I-60."

12/30/24 I-60 To Taylor and Classification No Responce

1/6/25 I-60 To Taylor and classification No Responce

1/13/25 I-60 To Taylor and letter to State classification No Responce

1/17/25 I P I filed due to cellmate threats to Sgt. Duncan ~~Hard~~ Refused housing because was Not Supposed be G4 and case was over turned.

1/18/25 PREA statement to Duncan.

1/24/25 Finaly saw U.C.C. and told that their was no major case on file and did Not know why I was G4'd. Was given G-2 back.

Plaintiff states It took many many grievance, I-60's, and phone calls from family which most were ignored to get anything done about both medical and custody level for Plainhff. Plaintiff should Not have to waite untill something major happens to him for Redress. It should be the T.D.C.J. goal to keep all Inmates safe from substanical risks especially if inmate tells them about Risks.

I, Christopher Humble TDCJ# 2363088, declare that the statements and facts given in this document are true and correct to the best of my knowledge and understanding of the statements and facts stated. above.

Respectfully,

3/31/25 Christopher Humble

Plaintiff

Parole Summary.

11/19/24 Parole Review major case was on Plaintiffs file.

12/19/24 major case overturned.

~~12/30/24~~ 1/25 Plaintiff Noticed he was given a 2YR set-off on Parole Plaintiff's Treatment Program states he needs a class to help with the Next parole Review but that the major Case he had on his file Prevented him to be able to take the class. Plaintiff has sent several Request for the class but never Receives a Response back. Plaintiff may not have a Right to parole but he should at least be given a fair Review and to be placed in any classes Parole wishes him to take. All this was denied him due to false case at ~~xxx~~ defendants hands.

TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20240207300 TDCJNO:02363088 NAME: HUMBLE,CHRISTOPHER WAYNE   EA:  7.9
UNIT:HJ   HSNG: C1   036T      JOB: JANITOR C1 BLDG DORM 3RD        IQ: 091
CLSS: S3  CUST: G2  PRIMARY LANGUAGE: ENGLISH   LMHA RESTRICTIONS:  NONE
GRDE: MA / NCA  OFF.DATE: 08/20/24  05:25 AM  LOCATION: HJ INMATE DINING ROOM
TYPE: ID

OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT HJ DINING HALL #2, INMATE: HUMBLE,
CHRISTOPHER WAYNE, TDCJ-ID NO. 02363088, ASSAULTED OFFICER OBANAWU BY THROW A
TRAY OF FOOD AT HIM.  THE ASSAULT DID NOT RESULT IN ANY INJURIES.

CHARGING OFFICER: OBANAWU, P. COV          SHIFT/CARD: 1 J

INMATE   NOTIFICATION   IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 1.15PM  7/2/64 BY: (PRINT)_____
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
INMATE NOTIFICATION SIGNATURE: X _Christopher Humble_ DATE: 9/12/24
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
INMATE WAIVER SIGNATURE: _____         DATE:_____

HEARING INFORMATION

HEARING DATE: 09/17/24  TIME: 3:30 PM  UNIT 2H FOLDER D FILE 130622 SFILE 002
COUNSEL SUBSTITUTE AT HEARING: _N. Scott_ FOLDER D FILE 130623 SFILE 007
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2)IF ACCUSED INMATE WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING, (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) (7) Witness food: Recess case. Passes on 09/17/24
@ 3:35 PM. resumes on 09/17/24 @ 4:05 PM. CS objects witholding

INMATE STATEMENT: _____
OFFENSE CODES:
INMATE PLEA: (G. NG NOW) _____
FINDINGS: (G. NG DS) _____
REDUCED TO MINOR(PRIOR TO DOCKET)__ (DOCKET)__ (HEARING)__ BY:(INITIAL)
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: (A)ADMISSION OF GUILT, (B)OFFICER'S REPORT, (C)WITNESS TESTIMONY, (D)OTHER
EXPLAIN IN DETAIL: (B) _____  (D) _____

No. Nov. Red evd entered

PUNISHMENT

| LOSS OF PRIV(DAYS) ___ | REFRIMAND .......... | TABLET(DAYS) ........ 20 |
| *RECREATION(DAYS) 45 | EXTRA DUTY(HOURS) ..... | REMAIN LINE 3 ......... |
| *COMMISSARY(DAYS) 46 | CONT.VISIT SUSP.THRU 11/12/24 | REDUC CLASS FROM S3 TO L4 |
| *PROPERTY(DAYS) ___ | CELL RESTR(DAYS) ..... | GOOD TIME LOST(DAYS) . |
| * OTS(DAYS) .. 20 | SPECIAL CELL RESTR(DAYS) ___ | DAMAGES/FORFEIT $ |

SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: _____
_____

CREDIT FOR PRE-HEARING DETENTION TIME? YES (DAYS) NA  NO / NA
DATE PLACED IN PRE-HEARING DETENTION: NA  HEARING LENGTH 8 (MINUTES)
INMATE SIGNATURE FOR RECEIPT OF FINAL REPORT: _____
_____
HEARING OFFICER (PRINT)    WARDEN        REVIEWER SIGNATURE
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
REV. 04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA



# STEP 1 (TO)
## INMATE
## GRIEVANCE FORM

**Texas Department of Criminal Justice**



TI 31B

OFFICE USE ONLY

Grievance #: 2025009859

Date Received: SEP 2 5 2024

Date Due: 10-25-2024

Grievance Code: 400

Investigator ID #: I2997

Extension Date: 11-24-2024

Date Retd to Inmate: DEC 04 2024

DEC 1 3 2024 TO

Inmate Name: Humble, Christopher TDCJ # 2363088

Unit: Hutchins      Housing Assignment: 0 C1-56

Unit where incident occurred: Hutchins

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Cpt. Hernandez (Case # 20240207500) When? 9/17/24

What was their response? "Punishment given because of the nature of case"

What action was taken? Excessive Punnishment.

---

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

Family connections are a Big part of my Rehab. in TDCJ. In the above case I was given 20 day OTS Restriction after telling the Cpt. that my mother is going through a really Rough time because of 2 Deaths of family members in the past Year (17 yr. niece of suicide and then my step-dad of 45yrs) and that it was important that I called her every week on Sundays. I feel that this being the First case I have gotten since 2019, the punnishment was a little excessive. especially with the phone Restriction but also with my parole Review in Nov. 2024. Now I wont be able to go home. This incedent was only started because the TDCJ officer involved touched my food with no protection and I could take this as an assualt on me. but choose not to. I also did not "throw" a tray at the officer. I just pushed it back to him.

**YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM      (OVER)**

I-127 Front (Revised 8/2022)

Inmate Grievance Operations Manual
Appendix F

I pled guilty to "save time" and "get the case over with" and in hopes of "mercy" for admitting my part in the case. I also question all the time limites Regarding this case (4 weeks?) Last I feel this case was all in part because of pending lawsuit against TDCJ.

**Action Requested to Resolve Your Complaint.**

OFFICERS touching food without PROtection is an assault on me. Family ties are important. So at least take phone punnishment back. Stop Retaliation for pending law suit against TDCJ.

**Inmate Signature:** Christopher Humb     **Date:** 9/23/2024

**Grievance Response:**

Your appeal for disciplinary case #20240207500 has been reviewed. It was found that there was a procedural error in review of this case. Therefore, this case will be overturned and taken off your file. No further action is warranted.

Chimdi Akwitti, Warden

**Signature Authority:** _____     **Date:** 12-4-2024

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely affect the inmate's health.**

**Medical Signature Authority:** _____

| OFFICE USE ONLY | | |
|---|---|---|
| Initial Submission | UGI Initials: _____ | |
| Grievance #: _____ | | |
| Screening Criteria Used: _____ | | |
| Date Recd from Inmate: _____ | | |
| Date Returned to Inmate: _____ | | |
| **2nd Submission** | UGI Initials: _____ | |
| Grievance #: _____ | | |
| Screening Criteria Used: _____ | | |
| Date Recd from Inmate: _____ | | |
| Date Returned to Inmate: _____ | | |
| **3rd Submission** | UGI Initials: _____ | |
| Grievance #: _____ | | |
| Screening Criteria Used: _____ | | |
| Date Recd from Inmate: _____ | | |
| Date Returned to Inmate: _____ | | |

**I-127 Back** (Revised 8/2022)

Inmate Grievance Operations Manual
Appendix F

| Grievance # | Inmate Name | TDCJ# | Unit |
|---|---|---|---|
| 2025009859 | Humble, Christopher | 02363088 | ~~M~~ |



# Texas Department of Criminal Justice

## *NOTICE OF EXTENSION*

## *Inmate Grievance Office*

In accordance with the procedures outlined in BP-03.77 "Inmate Grievances" and AD-03.82, "Management of Inmate Grievances", you are hereby notified that additional time is necessary to complete the investigation of your:

**Step 1 Grievance:** *(check the applicable box)*

☑ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☐ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 1 grievance.

**Step 2 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☐ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 2 grievance.

T.Nichols UGI II                                                    10/25/2024

---
Name and Title                                                    Date

**Original – Send to Inmate**
Copy – Attach to the Grievance

Inmate Grievance Operation Manual
Appendix M



**Texas Department of Criminal Justice**

# STEP 2
## INMATE
## GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2025009859

UGI Recd Date: DEC 20 2024

HQ Recd Date: DEC 30 2024

Date Due: 1-19-25

Grievance Code: 400

Investigator ID #: I-2906

Extension Date: FEB 18 2025

Date Retd to Inmate: FEB 18 2025

Inmate Name: Humble Christopher    TDCJ # 2363088

Unit: Telford    Housing Assignment: 7-I-31-B

Unit where incident occurred: Hutchins  19X-32

---

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted.
You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

---

Give reason for appeal (Be specific).    I am dissatisfied with the response at Step 1 because...

✗Step 1 Received Dec. 13, 2024✗ on Telford Unit✗
Because of this case, I have been droped in Line Class, given major punishment, disconnected from family and I am currently G4 custody level. I was also shipped from the Hutchins Unit and placed on the Telford Unit.
But above all this, I was shipped away from the support of the Catholic Community on the Hutchins Unit where I was dealing with deaths of two family members. one 17 YR old niece of suicide and the other my step-Dad of crying over her death he had a heart attack.
I had a lot of support on the Hutchins Unit Not only from the Catholic volunteers and DLF Mr. Reed, but the inmates and chaplian as well as a lot of the TDCJ staff. I was

**YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

I-128 Front (Revised 8/2022)

Slowly getting better and I regret this mistake but this has really set me back in my recovery and put me through alot of mental, emotional, spiritual stress especialy when I feel the only reason I was given the case was in spite and out of ~~malice~~ malice.

**Inmate Signature:** Chrisopher Glumley    **Date:** 12/16/24

**Grievance Response:**

An investigation was conducted into your complaint by the Central Grievance Office. Be advised, major disciplinary case #20240207500 was overturned at step-1 and is no longer on your record. This matter is considered resolved and requires no further action warranted by this office.

**Signature Authority:** Crystal Collins    Crystal Collins    **Date:** 2/12/25

---

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 6. Inappropriate. *

**CGO Staff Signature:** _____

**I-128 Back** (Revised 8/2022)

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:**_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Inmate:_____ | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Inmate:_____ | |
| **3rd Submission** | **CGO Initials:**_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Inmate:_____ | |

Inmate Grievance Operations Manual
Appendix G

| Grievance # | Inmate Name | TDCJ# | Unit |
|---|---|---|---|
| 2025009859 | HUMBLE,CHRISTOPHER WAYNE | 02363088 | TO |



FEB 03 2025

## Texas Department of Criminal Justice

### *NOTICE OF EXTENSION*

### *Inmate Grievance Office*

In accordance with the procedures outlined in BP-03.77 "Inmate Grievances" and AD-03.82, "Management of Inmate Grievances", you are hereby notified that additional time is necessary to complete the investigation of your:

**Step 1 Grievance:** *(check the applicable box)*

☐ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☐ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 1 grievance.

**Step 2 Grievance:** *(check the applicable box)*

☒ An additional 30 days is needed for appropriate response to your disciplinary appeal.

☐ An additional 40 days is needed for appropriate response to your grievance.

☐ An additional 45 days is needed for appropriate response to your medical Step 2 grievance.

A. Hope    Admin Assistant II                               01/17/2025

_____          _____

Name and Title                                            Date

**Original – Send to Inmate**
Copy – Attach to the Grievance

Inmate Grievance Operation Manual
Appendix M

*Denied Due Process so wanted to go but could not*

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## INSTITUTIONAL DIVISION

### Inter-Office Communications

2363088

**To** _Humble Christopher_          **Date** _9/26/24_
Inmate Name, TDCJ#

UCC

**From** _Terrell - Casemananger II_      **Subject** Inmate Notification of UCC Review
Classification Casemanager

Due to your refusal to attend or exclusion from (circle one) a Unit Classification review conducted on _9/26/24_ , you were reviewed in (absentia.) The decision of the committee is listed below.

Custody Status

_UCC - Disciplinary - (Down Grade to G4_

**Committee Members:**

Chairperson _Major Mosia_

Member _LM III J Velazquez_

Member _L. Terrell CM II_

Original - Inmate
Copy - Inmate Classification Folder.

SSP - 120 (8/91)                                    J1618

900-0241



# Texas Department of Criminal Justice

# STEP 1
## INMATE
## GRIEVANCE FORM

I
31

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2025030308 |
| Date Received: | 11/19/24 |
| Date Due: | 1/8/25 |
| Grievance Code: | 647 |
| Investigator ID #: | I0282 |
| Extension Date: | |
| Date Retd to Inmate: | NOV 26 2024 |

Inmate Name: Humble Christopher  TDCJ # 2363088

Unit: ~~Hutchins~~ Telford  Housing Assignment: 7-Z-31-

Unit where incident occurred: Telford.

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? I-60/talked/Family/ Called /  When? 10/4/24  11/18/24

What was their response? _____

What action was taken? None.

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

This is an EMERGANCY!

I have been trying to get my mental health meds now for over a month. I have sent several I-60's talked to mental health ladies, and had my family call up here several times. but I still cant get my meds. And I have not had them for several weeks now. I could not get out of my cell to go to Lay Ins to see Dr. PLEASE HELP!

**YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**          (OVER)



I-127 Front (Revised 8/2022)

Inmate Grievance Operations Manual
Appendix F

Action Requested to Resolve Your Complaint: I NEED MY MEDS!

PLEASE

Inmate Signature: _Chrisoph Slumly_    Date: _11/18/24_

Grievance Response:

> After review of Humble, Christopher #2363088 electronic medical records, Inmate Humble was discharged from the mental health caseload on previous unit for continued no-shows – 04-16-24, 04-17-24, and 10-01-24.  Inmate Humble transferred to Telford and had a mental health evaluation.  Inmate Humble had another mental health appointment on 11-19-24.  The psychiatrist did a chart review 11-21-24 and he supports discussing medications again as long as Inmate Humble remains compliant with his mental health appointments.  Inmate Humble has an upcoming appointment with the psychiatrist in December 2024.

Signature Authority: _M. Tingley Pm_    Date: _11/25/24_

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:    *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature:_____

Application of the screening criteria for this grievance is not expected to adversely affect the inmate's health.

Medical Signature Authority:_____

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Inmate: _____ | |
| Date Returned to Inmate: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Inmate: _____ | |
| Date Returned to Inmate: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Inmate: _____ | |
| Date Returned to Inmate: _____ | |

I-127 Back (Revised 8/2022)



**Texas Depa:...... .. Criminal Justice**

# STEP 2
## INMATE
## GRIEVANCE FORM

| OFFICE USE ONLY |
| --- |
| Grievance #: 2025030308 |
| JAN 2 1 2025 |
| UGI Recd Date: DEC 0 3 2024 |
| HQ Recd Date: DEC 0 5 2024 |
| Date Due: 1-17-25 |
| Grievance Code: 647 |
| Investigator ID #: I0352 |
| Extension Date: |
| Date Retd to Inmate: JAN 2 1 2025 |

Inmate Name: Humble, Christopher    TDCJ # 2363088

Unit: Telford    Housing Assignment: 7-I-31-B

Unit where incident occurred: Telford. 12F-15

---

You must attach the completed Step 1 Grievance that has been sign..d by the Warden for your Step 2 appeal to be accepted.
You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

---

Give reason for appeal (Be specific).    I am dissatisfied with the response at Step 1 because...

being incarserated I am Not able to open my cell door. I dont have keys nor access to the controles that open the cell doors, pod doors, and/or any other doors/gates between my cell and the medical Dept. I am totaly at the mercy of the TDCJ staff to set to medical appointments. I just cant set up and go by myself!! Its called being incarserated !!! I tried many times to set to these appointments only to be told "wait until called for" and then never set called out and/or to be told "I got you" than be ignored. I wrote I-60's, talked to medical, sargs, staff, and had my mother even call to try and set me to medical / psyc appointments and I still could not be seen!! A prime example was today on 12/2/24 I had an officel lay in for 11:00 Am to see medrcal At 10:30 Am my mother called the unit to get me out of the cell to so. I did not set

YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

I-128 Front (Revised 8/2022)

!! I CANT OPEN MY OWN CELL !!

Inmate Grievance Operations Manual
Appendix G

*✻ Request Info. for Medical Board complaint ✻*

out until 12:00pm and had to just walk out of the pool to get to medical because the staff would not even acknowledge my Lay In! (Call Beth Hancock 432-803-8839) to verify she called to get me to medical at 1030 Am and I did not set-out until Noon) I NEED MY MEDS and should Not be dropped off of them because of TDCJ staff

**Inmate Signature:** Christopher Slumley    **Date:** 12/3/24

**Grievance Response:** Step 1 medical grievance you reported you have been denied mental health medication.

*✻ 6 WKS NO MEDS NO RESPONSE / Please send me to Check to make sure I set up appointments for future Appointments!!*

After a review of the grievance and clinical records, this office supports the findings in the Step 1 medical grievance response. Furthermore, you were seen by the mental health provider on 12/3/2024. During the visit, you requested to resume your mental health medication due to the ongoing worry and feeling of being on-edge. The provider discussed treatment options along with risk and the benefits before deciding on the medication Cymbalta. Your medication administration record (MAR) reflects you have received your medication as prescribed.

All medications, treatments, and referrals are based on the clinical findings of the provider at the time of their assessment. While you maintain the right to refuse any services offered, you do not have the liberty to dictate what medications, treatments, or appointments will be prescribed. If you feel your situation requires further evaluation, you are advised to submit a sick call request to the medical department.

**STEP II MEDICAL GRIEVANCE PROGRAM**
**OFFICE OF PROFESSIONAL STANDARDS**              1/8/2024
**TDCJ HEALTH SERVICES DIVISION**

**Signature Authority:** _____    **Date:** _____

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 6. Inappropriate. *

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
| --- | --- |
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Inmate: | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Inmate: | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Inmate: | |

**I-128 Back** (Revised 8/2022)

Inmate Grievance Operations Manual
Appendix G



## INSTITUTIONAL PAROLE OPERATIONS

### P A R O L E    I N T E R V I E W    ACKNOWLEDGMENT

NAME: Humble, Christopher Wayne _____

SID Number: 05388848 _____       TDCJ-CID Number: 2363088 _____

On today's date, I have participated in my Unit Parole Interview. During this interview, the parole review process was explained to me by the interviewing Parole Officer, and I was given the opportunity to provide input for consideration by the voting Parole Board panel. I was also given the opportunity to discuss my offense(s) of record and sentencing information, as well as my overall criminal history. I was given the opportunity to provide information regarding my current participation in or prior completion of existing programs. I have presented my parole release plans, including job opportunities I have available, and was allowed the opportunity to present copies of any documents currently in my possession to be placed in my file for review by the voting Parole Board panel.

I understand that the interviewing Parole Officer has no role in the voting process. They do not make recommendations to the voting Parole Board panel regarding release decisions.

_____       05388848 _____      11/19/2024
Offender's Signature                                   TDCJ or SID #              Date

_____                                   11/19/2024 _____
Parole Officer's Signature                                                      Date

Kassie McDonald/IPO II _____ -
Parole Officer's Printed Name/Title

You shall be notified in writing of the parole panel's decision.

Note: major case # 20240207500 was on file when Reviewed for parole

cc: Offender
    File

BPP-IPO 121          See Texas Admin. Code          Rev. 03/20/2024
                     145.2 sec. 2:B

```
PDKAR008AAPLT0              STATE OF TEXAS              01/03/2025
                     BOARD OF PARDONS AND PAROLES       PAGE    1

                   NOTICE OF PAROLE PANEL DECISION

NAME: HUMBLE,CHRISTOPHER WAYNE
SID NUMBER: 05388848                    TDCJ-ID NUMBER: 02363088
TDCJ-ID UNIT OF ASSIGNMENT: TELFORD
HOUSING ASSIGNMENT: BLDG 7-I-2 ROW 1         CELL: 31
```

19X 32

```
SUBJECT: Decision Not to Grant Parole - NEXT REVIEW

        After a review of your case, the Board of Pardons and Paroles
decision is not to grant you parole and has set your next parole review
date as 12/2027.

        You have been denied parole for the reason(s) listed below:
One or more components indicated in each paragraph listed below may
apply, but only one is required.
1D.  THE RECORD INDICATES THAT THE OFFENDER HAS REPEATEDLY COMMITTED
     CRIMINAL EPISODES THAT INDICATE A PREDISPOSITION TO COMMIT
     CRIMINAL ACTS UPON RELEASE.
2D.  THE RECORD INDICATES THE INSTANT OFFENSE HAS ELEMENTS OF
     BRUTALITY, VIOLENCE, ASSAULTIVE BEHAVIOR, OR CONSCIOUS SELECTION
     OF VICTIM'S VULNERABILITY INDICATING A CONSCIOUS DISREGARD FOR THE
     LIVES, SAFETY, OR PROPERTY OF OTHERS, SUCH THAT THE OFFENDER POSES
     A CONTINUING THREAT TO PUBLIC SAFETY.
3D.  THE RECORD INDICATES EXCESSIVE SUBSTANCE USE INVOLVEMENT.
5D.  THE RECORD INDICATES UNSUCCESSFUL PERIODS OF SUPERVISION ON
     PREVIOUS PROBATION, PAROLE, OR MANDATORY SUPERVISION THAT RESULTED
     IN INCARCERATION, INCLUDING PAROLE-IN-ABSENTIA.

        The Institutional Division will monitor your treatment plan progress
and will report your progress to the Board of Pardons and Paroles.

        Should you have any questions regarding this notice you are to
contact your unit Institutional Parole Office.
```

✱ NOTE: Major Case # 20240207500 Was on file when Reviewed for Parole. See Texas Admin. Code 145.2 Sec. 2:B

```
This Notice of the Parole Panel Action is your written detailed
statement as required by Texas Government Code SECTION 508.1411.
NEXT REVIEW
CC: OFFENDER
```

I christopher Humble # 2363088
Plaintiff in the enclosed cause Do
hereby declare that I placed this
cause in the PRison mail system on
the Telford Unit on this day:
4/11/25

Respectfully,
Christopher Humble
Christopher Humble
Plaintiff.

Christopher Humble
TDCJ# 2363088
Telford Unit
3899 State Hwy 98
New Boston, TX. 75570

RECEIVED
APR - 8 2025
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

* Legal mail *

U.S. District Court
Office of the Clerk
Atten: Hon. Brian McKay
1100. Commerce St.
Dallas, Tx. 75242-1310

Rm. 1452